UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUSTINE L. WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1997 (RBW) |
| SOCIAL SECURITY ADMINISTRATION *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

In this civil action filed *pro se*, plaintiff claims that the Social Security Administration ("SSA") and the "Department of Health and Human Services and Rehabilitation Administration" violated her "constitutional rights, civil rights and civil liberties." Compl. at 1. The SSA has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for a more definite statement pursuant to Rule 12(e). The Court will grant the latter relief.

A more definite statement is warranted when it is shown that the pleading is "so vague or ambiguous that the party [required to answer it] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendant asserts that the complaint fails to comply with the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it is "highly obscure as to how [plaintiff's] rights were violated, who violated them, and how this violation caused her injury."[1] Def.'s Mot. at 1-2. Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the

---

[1] Plaintiff responds by resubmitting the original complaint. Pl.'s Opp. [Dkt. No. 11].

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct."  Thus, "[t]aken together, Rules 8(a) and 8(e)(1) [now 8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citations and internal quotation marks omitted).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

     Defendant rightly asserts that clarity is crucial here because this Court has previously dismissed five of plaintiff's cases naming these same two defendants.  *See* Def.'s Mot. at 2 (listing cases).  Thus, this action or certain issues may be procedurally barred.  Exemplifying the confusion generated by the complaint, the docket shows that only the United States was served with process, *see* Dkt. Nos. 3, 4, 5 (Returns of Service/Affidavit), and that the United States Attorney entered an appearance on behalf of both named defendants.  Dkt. No. 7.  But counsel of record recently withdrew his appearance for the "Department of Health and Human Services and Rehabilitation Administration" after concluding from the listed address that "the probable second defendant is the District of Columbia's Department of Human Services, which used to be the agency where the Rehabilitation Services Administration was located."  Def.'s Mot., n.1. Accordingly, it is

     ORDERED that the SSA's motion for a more definite statement [Dkt. No. 9] is GRANTED; it is

     FURTHER ORDERED that within **twenty (20) days** from the filing date of this Order, plaintiff shall file a more definite statement of her claims guided by the topics listed in

defendant's motion at page three. In addition, plaintiff shall clarify whether the Department of Health and Human Services and Rehabilitation Administration is a federal defendant or a District of Columbia defendant. Plaintiff's failure to comply with this Order within the time provided will result in dismissal of the complaint; and it is

FURTHER ORDERED that the SSA's motion to dismiss [Dkt. No. 9] is DENIED without prejudice.

_____s/_____
Reggie B. Walton
United States District Judge

Date: May 14, 2008